826 P.2d 1148

**In the Matter of Cecil Peter WHITMER, a Suspended Member of the State Bar of Arizona, Respondent.**

**No. SB–92–0012–D.**
**Comm. No. 85–1368.**

Supreme Court of Arizona.
Before the Disciplinary Commission.

March 11, 1992.

Yigael M. Cohen, Co–Bar Counsel, Phoenix.

Gregg Clarke Gibbons, Co–Bar Counsel, Scottsdale.

Harriet L. Turney, Chief Bar Counsel, Phoenix.

## JUDGMENT OF CENSURE

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed,

IT IS ORDERED, ADJUDGED AND DECREED that:

1. CECIL PETER WHITMER, a suspended member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

2. Respondent shall pay to the State Bar of Arizona costs and expenses incurred in this matter in the sum of $589.92 with interest at the legal rate, within thirty days from the date hereof as provided by law.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION

OF THE

SUPREME COURT OF ARIZONA

Comm. No. 85–1368

In the Matter of

CECIL PETER WHITMER,

a Member of the State

Bar of Arizona, Respondent.

DISCIPLINARY COMMISSION REPORT

(Filed Jan. 7, 1992)

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on November 16, 1991, for oral argument on the hearing committee's recommendation of acceptance of the agreement for discipline by consent providing for censure.

### Decision

After consideration of the arguments of Respondent and the State Bar, the Commission, by a unanimous vote of seven aye,[1] adopts the hearing committee's recommendation of acceptance of the agreement for discipline by consent, and orders that Respondent be censured. The Commission also unanimously adopts the committee's findings of fact and conclusions of law.

### Facts

In July 1980, the firm of Zang and Whitmer, Ltd., of which Respondent was a principal, was retained by Jesse and Marian Martin for representation in a personal injury action arising out of an automobile accident. The matter was assigned to an associate in the firm, under Respondent's supervision. Respondent instructed the associate to file a settlement demand letter with the State of Arizona, pursuant to A.R.S. § 12–821. Additionally, a civil complaint was later filed in Maricopa County Superior Court. However, that complaint

1. Commissioners Doyle and Hoffman did not participate in these proceedings.

was dismissed in April 1982, as the demand letter failed to comply with A.R.S. § 12–821.

Respondent then instructed his associate to contact the Martins and to prepare and file an appellate brief. The associate did neither, and the Martins' appeal was dismissed by the Arizona Court of Appeals in March 1983.

In May 1983, Respondent wrote a letter to the Martins representing the facts as Respondent thought them to be at the time. Respondent acknowledges that, although it was not his intention, his letter may have given the Martins the wrong impression as to the status of their case.

A complaint was filed on August 11, 1988. As Respondent could not be located, the complaint was served upon the Clerk of the Supreme Court.[2] Respondent failed to answer the complaint, which was therefore deemed admitted.[3] The hearing committee determined that the hearing scheduled for April 5, 1989, was unnecessary, as the allegations of the complaint were deemed admitted; thus, the hearing was vacated and the committee filed its report. Respondent did not file an objection to the committee's recommended sanction until two days prior to the scheduled hearing before the Commission, when Respondent filed a Motion for Continuance and Request for Permission to File Late Objections. Respondent stated that he no longer resides in the state and that he had not previously been aware of the proceedings. The Commission granted Respondent's requests, and continued the hearing before the Commission to February 10, 1990. After that hearing was held, the Commission remanded the matter to the committee for a full hearing on the merits, as the sanction recommended by the committee had basically been determined on a default basis.

Before the committee hearing was held, however, the State Bar and Respondent submitted an agreement for discipline by consent, in which Respondent admitted his conduct violated DR 6–101(A)(2) and (3) and DR 7–101(A)(1),[4] and recommending that Respondent be censured. The hearing committee issued its report recommending acceptance of the agreement. The agreement came before the Commission for consideration on November 16, 1991.

### Discussion of Decision

In the agreement for discipline by consent, Respondent admitted to the facts as stated above. Additionally, Respondent and the State Bar agreed that this conduct violated several rules of the Code of Professional Responsibility.

Respondent's failure to maintain adequate supervision over an associate to whom he had assigned a matter was a violation of DR 6–101(A)(2), which states, "A lawyer shall not ... [h]andle a legal matter without preparation adequate in the circumstances ...", and DR 6–101(A)(3), which states, "A lawyer shall not ... [n]eglect a legal matter entrusted to him." Additionally, Respondent failed to ensure that the settlement demand letter complied with A.R.S. § 12–821, resulting in dismissal of the complaint. He also allowed his associate to disregard his instructions concerning contacting the Martins and filing an appellate brief. This conduct was in violation of DR 7–101(A)(1), which states, in part, "A lawyer shall not intentionally ... fail to seek the lawful objectives of his client through reasonably available means ...."

In determining the appropriate sanction, the Court looks for guidance in the American Bar Association's *Standards for Imposing Lawyer Sanctions. In re Tarletz*, 163 Ariz. 548, 789 P.2d 1049 (1990). The Commission uses that guideline, as well.

Standard 4.5 deals with lack of competence. Specifically, Standard 4.53 provides for reprimand (censure in Arizona) when a

---

**2.** Pursuant to Rule 55(b)(6), the clerk of the supreme court is designated the agent for service of the complaint as to a respondent who cannot otherwise be found and personally served in this state.

**3.** Rule 53(c)(1).

**4.** As the conduct occurred prior to February 1, 1985, former Rule 29(a), the Code of Professional Responsibility, applies.

lawyer is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client. Respondent's failure to maintain proper supervision over his associate and failure to ensure that the associate was acting according to his instructions resulted in the dismissal of the Martins' lawsuit. Clearly, the Martins suffered potential injury when their lawsuit was dismissed due, in essence, to inadequate representation.

Standard 4.4 covers lack of diligence. In particular, Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Respondent showed a lack of diligence when he assigned a matter to an associate, and then failed to maintain adequate supervision over the associate. Again, the dismissal of the Martin's complaint due to counsel's inaction shows clear potential injury.

Having determined censure as the presumptive sanction, the Commission reviewed the aggravating and mitigating factors listed in Standards 9.22 and 9.32, respectively. Only one aggravating factor is present in this matter; Respondent was suspended for thirty days in 1987. In mitigation, there was a lack of a dishonest or selfish motive, rather, the conduct was the result of careless supervision; there has been delay in the disciplinary proceedings (the conduct occurred eight to ten years ago); and, finally, Respondent voluntarily withdrew from the practice of law in 1985.

Bar counsel, Respondent, Respondent's counsel, the ABA Standards, and the hearing committee all agree that censure is the appropriate sanction. The Commission agrees, as well, believing a public censure is sufficient to fulfill the purpose of the disciplinary proceedings, which is to protect the public and deter similar conduct by other lawyers. *In re Rivkind*, 164 Ariz. 154, 791 P.2d 1037 (1990). Therefore, the Commission orders Respondent be censured.

DONE at Yuma, Arizona, on January 6, 1992.

/s/ Larry W. Suciu
Larry W. Suciu
Chairman